The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Morgan S. Chapman and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission reverses the Deputy Commissioner's Decision and Order.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The date of the alleged negligent act giving rise to this claim was April 5, 1994.
2. The employee of the state involved was Lonnie Smith, who was an employee of East Carolina University, an agency of the State of North Carolina, and he was acting at the time within the scope of his employment.
In addition, the parties stipulated into evidence a packet of medical records and reports by written stipulation dated July 31, 1996.
 ***********
Based upon all of the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. In April 1994 plaintiff was employed by Pitt County Department of Social Services as an incoming maintenance worker. Her job involved interviewing clients for Medicaid and processing their applications. One day each week, she was required to go to one of several satellite offices, and on April 5, 1994 she was working at the Mental Health Center in Bethel where she had an assigned office. As she was talking on the phone in her office that day, the cover to the fluorescent light fixture on the ceiling above her and the metal frame around it fell. She was able to move partially out of the way but it still struck her on the left side of her head and a piece of plastic went into her knee. Following the incident, she received extensive medical treatment.
2. The Mental Health Center building in Bethel was maintained by East Carolina University, at least insofar as it required electrical service or repairs. A few days prior to the date of injury, Lonnie Smith, who was an Electrician II with defendant, went to the building and replaced some of the light bulbs.
3. The light fixtures were not accessible other than with the use of a ladder. No ladder was seen in the room where the light fixture fell and the only ladder that had been used in the building near in time to the injury insofar as anyone knew was the one used by Lonnie Smith.
4. Light fixtures do not ordinarily fall from the ceiling in the absence of negligence on the part of someone who had been in contact with the fixture. Mr. Smith himself testified that this was the only case of a light fixture falling that he was aware of during the entire nine years he had worked at the building, and he added — forthrightly — "I don't see how it could fall without somebody working on it or messing with it."
5. The only reasonable inference that could flow from the facts of this case was that Lonnie Smith was negligent in replacing bulbs shortly prior to the injury and left the light fixture in a state that resulted in the injury, either by failing to close it properly or by damaging it so that it ultimately fell. The Full Commission finds as a fact that the light fixture fell and the injuries to Delores D. Robinson resulted solely as the result of negligence on the part of Lonnie Smith while working for East Carolina University.
6. Plaintiff was damaged to the extent of $25,000.00 individually and her employer, the Pitt County Department of Social Services, was damaged to the extent of payments it made to or in behalf of Delores Robinson pursuant to the Workers' Compensation Act.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS Of LAW
1. The injuries plaintiff sustained on April 5, 1994 were due to negligence on the part of Lonnie Smith while working for East Carolina University and East Carolina University is legally responsible for them. N.C. Gen. Stat. § 143-291.
2. There was no contributory negligence on the part of Delores Robinson in connection with her injuries. N.C. Gen. Stat. § 143-291.
3. The Pitt County Department of Social Services as employer of Delores Robinson is entitled to subrogation for funds paid to or in behalf of Delores Robinson pursuant to the Workers' Compensation Act.
 ***********
Based upon the foregoing findings of fact and conclusions of law the Full Commission enters the following:
 ORDER
1. East Carolina University shall pay to Delores Robinson the sum of $25,000.00, less reasonable attorney's fees of $6,250.00, which shall be paid directly to Delores Robinson's attorney.
3. East Carolina University shall pay to the Department of Social Services of Pitt County by reason of its subrogation rights sums equal to the amounts paid to or in behalf of Delores Robinson pursuant to the Workers' Compensation Act in connection with the injuries sustained by Ms. Robinson on April 5, 1994, subject to attorney's fees as set forth below, whenever statements for the same have been submitted to East Carolina University by the Department of Social Services of Pitt County. Such payments to East Carolina University and to Delores Robinson and as attorneys fees to the attorney for Delores Robinson in connection with amounts paid to both shall not exceed the statutory limit for tort claims pursuant to N.C. Gen. Stat. §143-291.
4. The amounts East Carolina University would otherwise pay to the Department of Social Services pursuant to paragraph 3 of this Order shall be reduced by 25% and such 25% shall be paid directly to the attorney for Delores Robinson inasmuch as such attorney is reasonably entitled to same for services rendered to Delores Robinson, and through subrogation, beneficially to East Carolina University.
5. East Carolina University shall pay the costs, which amount shall not be taken into consideration in arriving at the statutory maximum damages available under the State Torts Claims Act.
This 15th day of January, 1998.
 S/ ______________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
S/ ______________ DIANNE C. SELLERS COMMISSIONER